

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

| | |
|---|---|
| JAMI WALKING BULL, | 5:22-CV-5029-CBK |
| Plaintiff, | |
| vs. | |
| CITY OF RAPID CITY, S.D., COUNTY OF PENNINGTON SHERIFF THOM, COUNTY OF PENNINGTON JAIL COMMANDER YANTIS, COUNTY OF PENNINGTON JAIL CAPTAIN MUNSCH, COUNTY OF PENNINGTON JAIL LT. HOUSTON, and COUNTY OF PENNINGTON JAIL MEDICAL STAFF, | **MEMORANDUM AND ORDER** |
| Defendants. | |

## I. BACKGROUND

Jami Walking Bull ("plaintiff") is currently a pretrial detainee at Pennington County Jail in Rapid City, South Dakota. He has filed suit against the City of Rapid City, Pennington County Sheriff Kevin Thom, Pennington Jail Commander Rob Yantis, Pennington Jail Captain Casey Musnch, Pennington County Jail Lieutenant "Houston," and Pennington County Jail Medical Staff, pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff argues that the named defendants, all in their official capacities, have twice refused to provide him needed Hepatitis C medication, constituting a deliberate indifference claim in violation of his Constitutional rights. See id. at 6.

Mr. Walking Bull has moved for leave to proceed *in forma pauperis*, which this Court granted upon the plaintiff's initial partial filing fee in the amount of $13.47. The Court received receipt of the initial partial filing fee on April 21, 2022, and now may proceed with its initial review.

## II.     INITIAL REVIEW STANDARD

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 191A(b). I am required to give the plaintiff's *pro se* complaint liberal construction and identify any discernable cognizable claim. Rinehart v. Weitzell, 964 F.3d 684, 687–88 (8th Cir. 2020). I have conducted an initial review as required by § 1915A.

## III.     ANALYSIS

Mr. Walking Bull instituted this action pursuant to 42 U.S.C. § 1983, alleging deprivation of constitutional rights while undergoing pretrial detention. Having granted plaintiff's motion to proceed *in forma pauperis* upon paying his initial filing fee, this Court may now conduct its initial review.

Walking Bull alleges that Pennington County Jail and the named defendants have twice denied him needed treatment for his Hepatitis C. Hepatitis C is a serious malady, where "[m]ore than half of those infected develop chronic liver inflammation and after many years of progressive deterioration some develop cirrhosis and end-stage liver disease, which can be fatal." Bender v. Regier, 383 F.3d 1133, 1134 (8th Cir. 2004). Shockingly, "[a]bout forty percent of Americans infected with [Hepatitis C Virus] reside in correctional institutions." Id. at 1134–35 (*citing* Scott A. Allen *et al.*, *Hepatitis C Among Offenders*, 67 FED. PROBATION 22, 24 (2003)).

Pretrial detainees' conditions of confinement claims in state and local jails arise out of the Fourteenth and Eighth Amendments to the United States Constitution. See Smith v. Conway Cnty., Arkansas, 759 F.3d 853, 858 (8th Cir. 2014) ("Although the Eighth Amendment has no application until there has been a formal adjudication of guilt, the Fourteenth Amendment gives state pretrial detainees—just as the Fifth Amendment gives federal pretrial detainees—rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner.") (internal quotation marks omitted). "[P]retrial detainees are entitled to at least as great protection as that afforded

2

convicted prisoners under the Eighth Amendment." A.H. v. St. Louis Cnty, Missouri, 891 F.3d 721, 726 (8th Cir. 2018) (internal quotation marks omitted) (alteration in original). It bears emphasizing that as a pretrial detainee Walking Bull holds "the right to be free from punishment." Phillips v. Kiser, 172 Fed.Appx. 128, 129 (8th Cir. 2006) (per curiam) (*unpublished*).

The Constitution requires that prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take 'reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*quoting* Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). See Rhodes v. Chapman, 452 U.S. 337, 349, 347 (1981) (noting that although the Constitution "does not mandate comfortable prisons," pretrial detainees may not be denied "the minimal civilized measure of life's necessities."). Pretrial detainees are protected from state actors acting "deliberately indifferent to [their] serious medical needs." De Rossitte v. Correct Care Sols., LLC, 22 F.4th 796, 802 (8th Cir. 2022) (internal citation omitted). The United States Court of Appeals for the Eighth Circuit has discussed the difference between the Eighth Amendment's protections from cruel and unusual punishment and the Fourteenth Amendment's protection from punishment prior to adjudication of guilt, consistently applying the deliberate indifference standard "to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

"The plaintiff[] must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the [jail] officials actually knew of but deliberately disregarded those needs." Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015) (internal quotation marks omitted). "Negligence is not enough." East v. Minnehaha Cnty., 986 F.3d 816, 820 (8th Cir. 2021) (citation omitted). See also Pietrafeso v. Lawrence Cnty., South Dakota, 452 F.3d 978, 983 (8th Cir. 2006) ("Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.") (internal quotation marks omitted).

Mr. Walking Bull has sufficiently alleged failure of adequate medical care claims against Pennington County Jail and named defendants to proceed past initial review. Accordingly, the named defendants should be served pursuant to 28 U.S.C. § 1915(d).

IT IS HEREBY ORDERED that the Clerk of Court shall provide Jami Walking Bull a separate summons and USM-285 form for each defendant. Plaintiff shall complete and return to the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses.

IT IS FURTHER ORDERED that the United States Marshals Service shall serve a copy of the summons and amended complaint upon the defendants pursuant to SDCL § 15-6-4(d)(8). All costs of service shall be advanced by the United States.

IT IS FURTHER ORDERED that in the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

IT IS FURTHER ORDERED if the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

DATED this 16th day of May, 2022

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge